IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| RAJ ENTERPRISES OF CENTRAL FLORIDA, LLC d/b/a PINNACLE LABORATORY SERVICES, | )<br>)<br>)<br>) |
| Plaintiff | ) |
| v. | ) CASE NO.: 1:14-cv-89-MW/GRJ |
| SELECT LABORATORY PARTNERS, INC., | )<br>) |
| Defendant. | )<br>) |

## FIRST AMENDED COMPLAINT

Plaintiff, RAJ ENTERPRISES OF CENTRAL FLORIDA, LLC d/b/a PINNACLE LABORATORY SERVICES ("Pinnacle") hereby files this First Amended Complaint to petition this Court for relief from the damages incurred to Plaintiff due to the actions or failures to act of Defendant, SELECT LABORATORY PARTNERS, INC. ("SLP"), and states the following as grounds therefor:

## GENERAL ALLEGATIONS

1. Plaintiff Pinnacle is a clinical laboratory services provider located in Ocala, Florida.

2. Defendant SLP is a clinical laboratory manager located in Greensboro, North Carolina.

3. The parties entered a Management Services Agreement (the "Agreement") on or about May 8, 2012. *See,* Exhibit A.

4. Pinnacle alleges that SLP has materially breached the Agreement and Pinnacle has been substantially damaged thereby.

1

5. This Court possesses diversity jurisdiction over the parties pursuant to 28 USC § 1332(c) in that Plaintiff is an entity incorporated under the laws of Florida with its principal place of business in Florida, and Defendant is an entity incorporated under the laws of North Carolina with a principal place of business in North Carolina. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 USC § 1332.[1]

6. All the members of Plaintiff, a limited liability company, James F. Porter, Jr., Renee Porter, Michael T. Palmer, and Nathan Hanflink, are citizens of the State of Florida, for diversity jurisdiction purposes. *See, e.g., Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

7. Venue is proper in the District Court for the Northern District of Florida in that pursuant to 28 USC § 1391(b): the location of Plaintiff in Florida is where the services or lack thereof under the Agreement were provided; Defendant's workers providing services on behalf of Plaintiff were located in Florida; and, Florida is the jurisdiction where the alleged damage to the Plaintiff occurred.[2]

8. Pursuant to 28 USC § 1391(c), Defendant is subject to venue in the District Court for the Northern District of Florida because Defendant conducted all its business with Plaintiff in this district; because the contract between the parties was executed by Plaintiff in this district; and, because the entirety of the cause of action in this case arose in this district.[3]

---

[1] Jurisdiction under 28 USC § 1332 requires more than $75,000 in controversy.
[2] *See, e.g., Uffner v. La Renunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001); *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278 (8th Cir. 1994); *Voest-Alpine Trading USA Corp. v. Bank of China*, 288 F.3d 262, 265 (5th Cir. 2002).
[3] *See, e.g., Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995).

9. SLP was approximately four months late in securing a clinical laboratory license from the State of Florida for the Pinnacle laboratory, and due directly to such gross mishandling of the licensure process, Pinnacle forfeited four months of revenues (December 2012 through March 2013).

10. Once SLP finally obtained a license for Pinnacle to begin operations, revenues were: $0 for April 2013; $134,462.23 for May 2013; $344,891.72 for June 2013; and $196,078.90 for July 2013; at a total of $675,432.85 for the first four months of licensed operations.

11. Therefore, Pinnacle estimates that damages due to SLP's gross mismanagement amounted to $168,858.21 per month for the four months of December 2012 through March 2013, or $675,432.85.

12. Pinnacle paid for laboratory materials (reagents and supplies) from December 2012 through March 2013, while the Pinnacle lab was inoperable due to SLP's gross mismanagement.

13. Pinnacle lost in excess of 1240 specimens' reimbursement during the period of June, July and August 2013 due directly to SLP's grossly inadequate clinical laboratory methodology.

14. Pinnacle's estimated damages due to the loss of such 1240 lab tests is $372,000.

15. SLP did a licensure inspection drill in late October and early November 2013 (the first in approximately eight months of preliminary operations) and failed their own mock inspection.

16. SLP's senior scientist assigned to the Pinnacle laboratory was not licensed in Florida, as expressly required pursuant to the Agreement, and Pinnacle was forced to employ a separate senior scientist at its own expense, at an estimated expense to Pinnacle of

$85,000 annually.

17. Pinnacle's senior scientist successfully revamped the failed SLP method as of September 2013.

18. Pinnacle's replacement senior scientist successfully redeveloped and revalidated the confirmation procedures in order to remedy SLP's failed proficiency survey results.

19. The total of Pinnacle's damages due to SLP's gross breaches of the Agreement are estimated to be $1,090,000.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff Pinnacle incorporates by reference the general allegations of paragraphs 1 through 19 above as if set forth fully herein.

21. To state a cause of action for breach of contract, there need be only allegations of: the existence of a contract, the breach of that contract, and damages resulting from that breach. *See, e.g., State Farm Mutual Auto Insurance Company v. Physicians Injury Care Center, Inc.*, 427 Fed. Appx 714, 725, 2011 WL 1988551 (11th Cir. 2011).

22. The parties have entered a valid and enforceable Agreement, SLP materially breached such Agreement, and Pinnacle has suffered damages thereby. *Id.*

WHEREFORE, Plaintiff Pinnacle requests an adjudication of SLP's breach of the parties' Agreement, requests payment from SLP to remedy its damages due to such breach, and for such other and further relief as the Court deems proper, to include pre-judgment interest, attorneys' fees and costs.

RESPECTFULLY SUBMITTED this 30th day of May, 2014.

_____
Mark S. Thomas
Florida Bar No. 0001716
Mark@ThomasHLG.com
THOMAS HEALTH LAW GROUP, PA
5200 SW 40th Avenue, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (telephone)
(855) 629-7101 (facsimile)
Counsel for Plaintiff